IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Case No. 4:24 CR-00287-O |
| § | |
| NATHAN REIS and STEPHANIE § | |
| HOCKRIDGE a/k/a STEPHANIE REIS, § | |
| § | |
| Defendants. § | |
| § | |

### DEFENDANT'S MOTION TO DISMISS COUNT ONE OF THE SUPERSEDING INDICTMENT FOR IMPROPER VENUE

#### INTRODUCTION

Count One of the Superseding Indictment charges Mr. Reis with conspiracy to commit wire fraud, but it fails to adequately allege any factual basis to establish venue for that charge in the Northern District of Texas. *See* Dkt. 163 ("Indictment" or "Indict."). Venue is not a matter of convenience or happenstance—it is a constitutional requirement that protects an individual's right to a fair legal proceeding. Because the Indictment does not adequately allege such facts with respect to any purported conspirator in this District, and because the government has already failed to prove such conduct at trial, the charge should be dismissed.

The Constitution requires that a criminal defendant be tried in the district where the alleged crime was committed. U.S. Const. amend. VI. In conspiracy cases, that means venue is proper only where the conspiracy was formed or a conspirator committed an overt act in furtherance of it. *United States v. Thomas*, 690 F.3d 358, 369 (5th Cir. 2012). That is no mere "technicality"— it is a foundational safeguard against prosecutorial forum shopping and gamesmanship, unmoored

from any meaningful connection to the forum. *United States v. Winship*, 724 F.2d 1116, 1123 (5th Cir. 1984).

Here, the Indictment makes no particularized allegation that Mr. Reis—or any alleged coconspirator—either formed the alleged conspiracy or took any overt action in furtherance of it in the District. The Indictment does not allege *any* facts showing that the conspiracy was formed here, that any purported conspirator resides here, traveled here, or took any action here related to any conspiracy. The Indictment's only asserted tie to this District is that two financial institutions involved in processing PPP loans—Bank-1 and Lender-2—operate here. But venue must be based on the conduct of a *conspirator* in furtherance of the object of the conspiracy, not the administrative actions of third parties. *See United States v. Wieschenberg*, 604 F.2d 326, 331 (5th Cir. 1979).

The government has already shown it cannot meet that standard. In the recent trial of Mr. Reis's co-defendant, Ms. Hockridge, the government failed to offer *any* evidence that would support venue in this District. That failure corroborates what the face of the Indictment already reveals: Count One was brought in the wrong venue and must be dismissed. Failing to do so before trial would force the parties and the Court to once again proceed through a trial where even a guilty verdict on Count One would not be supported by sufficient evidence.

## LEGAL STANDARD

Venue is a foundational constitutional requirement in criminal prosecutions. The government may prosecute the accused only in "the State and district wherein the crime shall have been committed." U.S. Const. amend. VI; *see also* Fed. R. Crim. P. 18 ("Unless a statute or these rules permit otherwise, the government must prosecute an offense in a district where the offense was committed."). The government bears the burden of establishing venue, and it must "show by preponderance of the evidence that the trial is occurring in a district 'where the offense [was]

done.'" *United States v. Strain*, 396 F.3d 689, 693 (5th Cir. 2005) (quoting *United States v. Anderson*, 328 U.S. 699, 705 (1946)). In a conspiracy case, venue is proper only in a district where the conspiracy was formed or where a conspirator committed an overt act in furtherance of the object of the conspiracy. *See United States v. Thomas*, 690 F.3d 358, 369 (5th Cir. 2012); *United States v. Wieschenberg*, 604 F.2d 326, 331 (5th Cir. 1979) ("For a conviction of conspiracy, there must be proof of . . . an overt act committed by *one of the coconspirators* in furtherance of the conspiracy." (emphasis added)).

## ARGUMENT

### I. COUNT ONE OF THE SUPERSEDING INDICTMENT FAILS TO ADEQUATELY ALLEGE VENUE IN THE NORTHERN DISTRICT OF TEXAS

The government has charged Mr. Reis in a district with no meaningful connection to the alleged conspiracy—and the Indictment offers no factual basis to justify that choice. The Indictment contains no factual allegations that the conspiracy was formed in the Northern District of Texas. It does not allege that Mr. Reis or any alleged coconspirator lived in or ever set foot in the District—acknowledging that they lived in Arizona. *See* Indict. ¶¶ 9, 10, 11. Nor does it allege that any conspirator communicated with anyone in this District, held meetings here, or directed any action here. Indeed, the bare assertion that the conspiracy occurred "in the Fort Worth Division of the Northern District of Texas and elsewhere," *id.* ¶ 14, is contradicted by the rest of the Indictment's factual allegations. The only alleged connections between the charged conspiracy and this District set forth in the Indictment are: (1) that Bank-1 was "headquartered in Happy, Texas" and stores records in the Northern District of Texas, and (2) that Lender-2 is "headquartered in Bedford, Texas." *Id.* ¶¶ 6-7. But neither allegation shows that a conspirator committed an overt act in this District.

3

As to Bank-1, the Indictment does not allege that it was a conspirator that took an overt act in furtherance of the conspiracy in the District. *See* Indict. ¶¶ 7, 17(d), 17(j), 19. Nor does it allege that Bank-1 acted at the direction of any conspirator. In fact, the only function Bank-1 allegedly served was as an intermediary depository bank for Lender-2—a mechanical role far removed from any knowing act in furtherance of a criminal agreement, let alone such an act "*by one of the coconspirators.*" *Wieschenberg*, 604 F.2d at 331 (emphasis added).

As to Lender-2, the Indictment alleges that Blueacorn had a lender service provider agreement with the lender, and that PPP applications were submitted through that channel. *See* Indict. ¶¶ 6-7, 16(d), 17(d), 17(j). But again, it does not allege that Lender-2 was a conspirator that took an overt action in furtherance of the conspiracy. *See id.* Nor does Lender-2's geographic location itself amount to an overt act by a conspirator. *See Strain*, 396 F.3d at 694 (acts by third parties, or "circumstance elements" that do not involve conduct by a conspirator, cannot establish venue).

To establish venue, the government must show that the conduct was undertaken by a conspirator aimed at "advanc[ing] the ultimate objects of the conspiracy." *United States v. Cornet*, 195 F.3d 776, 783 (5th Cir. 1999). That is because venue is proper only where an offense is "committed," U.S. Const. amend. VI, and the only way to "commit" a conspiracy is to form a conspiratorial agreement or to take an act in furtherance of the conspiracy. The Indictment fails to adequately allege either.

To the extent the government may argue, as it did at times in Ms. Hockridge's trial, that an "innocent agent" acting at a conspirator's direction can establish venue, that argument fails for multiple reasons. For one, the Indictment makes no such allegation—that is, it never alleges that any third party in the District acted as an agent of a conspirator to further the conspiracy.

4

More fundamentally, this argument is wrong on the law.  The government has previously invoked the quotation of a legal treatise in *United States v. Perez*, 223 F. App'x 336, 340-41 (5th Cir. 2007) to argue that the acts of innocent third parties can constitute an overt act by a conspirator for purposes of establishing venue.  *See* Proposed Charge (Doc. #143) at 66 n.41 (citation omitted).  But that quotation in *Perez* was pure dicta unnecessary to the holding in that case:  In *Perez*, "the record clearly support[ed] venue" because "[t]estimony established that the conspirators used an Amtrak train on at least one occasion to transport methamphetamine to San Antonio, from whence conspirators drove the drugs to Dallas," and "San Antonio is indisputably within the Western District of Texas." 223 F. App'x at 342.  Thus, nothing in *Perez* turned on that quotation, which was simply dicta.

Further, *Perez*, an unpublished decision, quoted a treatise that is inconsistent with binding Fifth Circuit precedent.  *See Perez*, 223 F. App'x at 341 & n.4 (quoting LaFave, Israel & King, *Criminal Procedure* § 16.3(f) (2d ed. 1999)).  In *United States v. Wieschenberg*, the Fifth Circuit held unequivocally that venue in a conspiracy case requires "an overt act committed *by one of the conspirators* in furtherance of the conspiracy."  604 F.2d 326, 331 (5th Cir. 1979) (emphasis added).  That standard leaves no room for acts by third parties who are not themselves coconspirators.  The government's speculative "agency" theory thus finds no support in governing law.  It is likely for this reason that, when pressed by the Court on this issue, counsel for the government conceded:  "I don't disagree with the law in the sense that . . . an act must be done by a co-conspirator in the district."  6/20 Tr. 19:2-8.

Because the only alleged conduct in this District was performed by non-conspirators, the Indictment fails to allege that a conspirator committed an overt act in furtherance of the conspiracy in the Northern District of Texas.  Venue is thus improper and Count One must be dismissed.

## II. THE GOVERNMENT'S FAILURE TO PROVE VENUE AT TRIAL FURTHER UNDERSCORES THE INADEQUACY OF THE INDICTMENT

The government has already had an opportunity to prove venue for this charge—and failed. At the trial of Mr. Reis's co-defendant, Ms. Hockridge, the government did not offer any evidence that a conspirator committed an overt act in this District in furtherance of the conspiracy. It relied instead on two discrete events: a text message Mr. Reis allegedly sent from the Dallas airport, and a short message from Ms. Hockridge to a customer while she was briefly in Dallas. Neither qualifies as an overt act in furtherance of the conspiracy.

At that trial, the government elicited testimony from an alleged coconspirator, James Flores, that Mr. Reis once sent a text message from the Dallas airport asking Mr. Flores whether Mr. Flores should use a "multitiered partner network." 6/12 Tr. 112; GX 27A, at 18. Nothing about this testimony or text message suggests any connection to the charged conspiracy, much less that it was an act in furtherance of such a conspiracy. The message made no reference to fraud or any illicit activity, and the government introduced no evidence at Ms. Hockridge's trial that any unlawful conduct flowed from it. To the contrary, the evidence at trial established that Blueacorn had a legitimate operation separate and apart from any alleged conspiracy. *See* 6/12 Tr. 212:13-212:18 (Mr. Flores testifying that legitimate borrowers would sometimes get caught up in underwriting); *id.* 213:12-213:17 (Mr. Flores testifying that his job at Blueacorn included helping banks understand and resolve issues for legitimate loans); *id.* 243:7-243:12 (Mr. Flores testifying that part of his job was to help legitimate borrowers understand how to structure their loans correctly).

The government also introduced a text message from Ms. Hockridge to a Blueacorn customer, Jessica Stackpoole, in which she stated that she was in Dallas and would be returning to Arizona the next day. 6/12 Tr. 9:11-9:16, 10:19-11:8. But there was no evidence that this message

advanced the alleged conspiracy, or that Ms. Stackpoole was involved in any fraudulent conduct. The trial record does not even contain any evidence that Ms. Stackpoole submitted a fraudulent loan application at all.

The failure of proof at Ms. Hockridge's trial confirms what the Indictment already shows: The government cannot tie Count One to this District through the conduct of a conspirator. Because venue is a constitutional requirement, and because the government has now demonstrated that it cannot meet it, dismissal is required.

## CONCLUSION

Because Count One of the Superseding Indictment fails to adequately allege facts sufficient to establish venue in the Northern District of Texas, and because the government has shown that it lacks any evidence sufficient to cure that defect, the Court should dismiss Count One.

Dated: July 16, 2025

Respectfully submitted,

LATHAM & WATKINS LLP

/s/ *Kevin Andrew Chambers*
Kevin Andrew Chambers (*Pro Hac Vice*)
DC Bar No. 495126
555 11th Street NW, Suite 1000
Michael Clemente (*Pro Hac Vice* pending)
DC Bar No. 1708793
Washington, DC 20004
Tel: (202) 637-2200
Fax: (202) 637-2201
*kevin.chambers@lw.com*

Matthew S. Salerno (*Pro Hac Vice*)
1271 Avenue of the Americas
New York, NY 10020
Tel: (212) 906-1200
Fax: (212) 751-4864
*matthew.salerno@lw.com*

*Attorneys for Defendant Nathan Reis*
*[admitted pro hac vice]*

Michael P. Heiskell, TX Bar: 09383700
JOHNSON, VAUGH & HESKELL
5601 Bridge Street, Suite 220
Fort Worth, Texas 76112
Tel: (817) 457-2999
Fax: (817) 496-1102
*mheiskell@johnson-vaughn-heiskell.com*

*Attorneys for Defendant Nathan Reis*

8

## CERTIFICATE OF CONFERENCE

I hereby certify that I conferred with AUSA Philip Trout via email on July 16, 2025, who indicated that the Government opposed the Defendant being granted the relief requested herein.

Dated: July 16, 2025                              */s/ Matthew S. Salerno*
                                                  Matthew S. Salerno

## CERTIFICATE OF SERVICE

I hereby certify that on this July 16, 2025, a true and correct copy of the foregoing document was served on all counsel of record by operation of the Court's CM/ECF system.

Dated: July 16, 2025                              */s/ Kevin Andrew Chambers*
                                                  Kevin Andrew Chambers