# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# FORT WORTH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Criminal Action No. 4:24-CR-00287-O |
| § | |
| NATHAN REIS (01) § | |
| STEPHANIE HOCKRIDGE (02) § | |
| § | |
| Defendants. § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are Defendants Nathan Reis and Stephanie Hockridge's Joint Motion to Compel Discovery (Doc. 329-1); the Government's[1] Response in Opposition (Doc. 332-1); and Defendants' Joint Reply (Doc. 335-1). Defendants ask this Court to compel the Government to produce "(1) materials related to borrowers identified in Mr. Moncure Dillingham's Memorandum of Interview ("MOI"), Mr. Fredrico Williams's interview transcript, and Mr. Alberto Carson's interview transcript, as well as materials related to certain co-conspirators identified in the plea agreements of Mr. Eric Karnezis and Mr. Anthony Karnezis; (2) materials related to 79 borrowers listed as "Convicted" or "Cooperator Proffer" in the [G]overnment's Loss Spreadsheet (as defined below); (3) Eric Karnezis's phone records from March 1, 2020 to December 31, 2020, to the extent collected; (4) any phone records collected from Mr. Fredrico Williams; and (5) any other discoverable documents or materials that would serve as exculpatory and/or impeaching evidence in Mr. Reis or Ms. Hockridge's cases, or are subject to disclosure under Rule 16 of the Federal Rules of Criminal Procedure, to the extent not already produced."[2] Upon review, the relief requested by Defendants is **DENIED**. Defendants have already laid

---

[1] For purposes of this Order, the "Government" refers to the prosecution team of Northern District of Texas, unless otherwise stated.

[2] Defs.' Mot. Compel 1, Doc. 329-1.

out the factual background in their briefing and the Government has not disputed it, so the Court does not spend time reciting it here.[3]

## I. APPLICABLE LAW

The Federal Rules of Criminal Procedure generally govern what information is discoverable and when a party may obtain such information in a criminal case. *United States v. Murdock*, 548 F.2d 599, 602 (5th Cir. 1977). "As a matter of general construction, the measure of discovery permitted by the Rules of Criminal Procedure is not intended to be as broad as in a civil case." *United States v. Ross*, 511 F.2d 757, 762 (5th Cir. 1975) (citation and quotation omitted).

### A. Rule 16

Federal Rule of Criminal Procedure 16 governs general discovery in criminal cases. *United States v. Armstrong*, 517 U.S. 456, 461 (1996). Under Rule 16(a)(1)(E) of the Federal Rules of Criminal Procedure, "[u]pon a defendant's request" the government must produce "documents . . . within the government's possession, custody, or control . . . [that are] . . . material to preparing the defense." *See* Fed. R. Crim. P. 16(a)(1)(E). However, "this rule [does not] authorize the discovery or inspection of statements made by prospective government witnesses except as provided in 18 U.S.C. § 3500." *See* Fed. R. Crim. P. 16(a)(2).

### B. *Brady* and *Giglio*

The requirement of disclosure under *Brady v. Maryland* is a constitutional mandate which seeks to guarantee fair criminal trials by requiring the government to disclose all material exculpatory and impeaching evidence regardless of whether a defendant requests it. 373 U.S. 83, 86–87 (1963) (defining exculpatory evidence as evidence that is both favorable to the accused and "material either to guilt or to punishment."); *United States v. Bagley*, 473 U.S. 667, 682 (1985) (stating that evidence is material "only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the

---

[3] *Id*. at 2–7.

proceeding would have been different."). Moreover, it is the duty of the government "to learn of any favorable evidence known to the others acting on the government's behalf . . . including the police." *Kyles v. Whitley*, 514 U.S. 419, 437 (1995). The Government is also required to produce impeachment evidence or evidence which shows a government witness's bias or interest and thereby affects the credibility of the witness's testimony. *Giglio*, 405 U.S. at 153–55 (applying *Brady* to evidence affecting the credibility of key government witnesses).

## II.   ANALYSIS

### A. The Government's Discovery Obligations Under Rule 16

Defendants seek to compel discovery pursuant to Rule 16(a)(1)(E) of the Federal Rules of Criminal Procedure.[4] The Supreme Court has held that "in the context of Rule 16 'the defendant's defense' means the defendant's response to the Government's case in chief." *United States v. Armstrong*, 517 U.S. 456, 462 (1996) (quoting former Rule 16(a)(1)(C), which currently appears in similar form at Rule 16(a)(1)(E)). The concept of a "defense" encompasses only "shield claims" that "refute the Government's arguments that the defendant committed the crime charged." *Id.*; *see also United States v. Nobles*, 422 U.S. 225, 235–236 (1975) ("Both the language and history of Rule 16 indicate that it addresses only pretrial discovery."). Sentencing proceedings do not involve the question of whether the defendant committed a crime charged. As such, Rule 16 does not apply to sentencing proceedings and therefore does not require the Government to disclose the evidence at issue here. *See United States v. Arditti*, 955 F.2d 331, 345 (5th Cir. 1992) (holding that Rule 16 only applies to evidence *prior* to trial); *see also United States v. Liang*, No. 4:17-CR-00001, 2021 WL 5323570, *2

---

[4] Defs.' Mot. Compel 7, Doc. 329-1.

(E.D. Tex. Nov. 16, 2021) ("Rule 16 is not applicable in this case because Defendant's request arises post-conviction.").

### B. The Government's Discovery Obligations Under *Brady* and *Giglio*

Defendants also seek to compel discovery under *Brady* and *Giglio*, arguing that the evidence should have been produced in advance of Reis's plea negotiations and Hockridge's trial.[5] The Government responds that "the [G]overnment team does not have possession, custody, or control of the materials that Defendants request."[6] Defendants argue that the Government has an obligation to obtain and review potential *Brady* materials from other federal districts and specifically the District of Oregon.[7] The Court declines to extend the Government's discovery obligations to other federal districts for *Brady* and *Giglio* purposes.

The extent to which the "government team" includes individuals or agencies beyond the prosecutors themselves depends on a "case-by-case analysis of the extent of interaction and cooperation between" those individuals or agencies and the prosecutors pursuant to agency law. *Avila v. Quarterman*, 560 F.3d 299, 308 (5th Cir. 2009) (quoting *United States v. Antone*, 603 F.2d 566, 570 (5th Cir.1979)). "[I]f a member of the government team has knowledge of *Brady* material, such knowledge is imputed to the prosecutors." *Id.* at 307 (citing *Antone*, 603 F.2d at 569). That said, "there are limits on the imputation of knowledge from one arm of the government to prosecutors." *United States v. Webster*, 392 F.3d 787, 798 n.20 (5th Cir. 2004). The government is deemed to have constructive knowledge only if the information in question is "*readily available* to it." *Williams v. Whitley*, 940 F.2d 132, 133 (5th Cir. 1991) (emphasis added).

Here, Defendants have not adequately demonstrated the requisite "interaction and cooperation" between the Government and the District of Oregon nor that the Government possess constructive

---

[5] *Id*.
[6] Gov.'s Res. To Defs.'s Mot Compel 2, Doc. 332-1.
[7] Defs.' Reply 2, Doc. 335-1.

knowledge of the evidence in question. The Government avers that it had "limited interaction" with the District of Oregon prior to the indictment and arrest of Eric and Anthony Karnezis.[8] Subsequently, the Government conducted half of its interviews of Eric Karnezis and Anthony Karnezis with the District of Oregon. Beyond these shared interviews, the Government "requested and produced discovery from the investigative files *given* to it by the District of Oregon, which separately investigated and prosecuted Eric and Anthony Karnezis, among others."[9]

Given that the Government has produced all the materials already received from the District of Oregon, the limited interactions described above do not render the District of Oregon part of the "government team" for *Brady* purposes. Neither are the District of Oregon's remaining investigative files considered "readily available" to the Government. *See Williams*, 940 F.2d at 133; *see also United States v. Esteves*, No. 24-30336, 2025 WL 1912748, *4 (5th Cir. July 11, 2025) (holding that the government team not having physical access to a recording at the county detention center and not having listened to the recording, put it beyond the government's reach for *Brady* purposes). As alleged, these facts do not create an obligation for the Government to go looking for evidence it does not have in its possession.

### III.   CONCLUSION

For the foregoing reasons Defendants' Joint Motion to Compel Discovery is **DENIED**. Additionally, Defendants' Request for Hearing on Defendant's Joint Motion to Compel Discovery (Doc. 330) is **DENIED as moot**. The parties' motions to file Docs. 329, 332, and 335 and the accompanying attachments under seal are **GRANTED**.

**SO ORDERED** this **14th day** of **November, 2025.**

_____
Reed O'Connor
**CHIEF UNITED STATES DISTRICT JUDGE**

---

[8] Gov.'s Res. To Dfs.'s Mot Compel 4 n.3, Doc. 332-1.
[9] Gov.'s Res. To Dfs.'s Mot Compel 3-4, Doc. 332-1 (emphasis added).