IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Criminal Action No.  4:24-CR-00287-O |
| | § | |
| NATHAN REIS (01) | § | |
| | § | |
| | § | |
| Defendants. | § | |

## ORDER

Before the Court are Defendant Nathan Reis's Objections and Clarifications to the Presentence Investigation Report (ECF No. 336); the Government's Response to Defendant's Objections to the Presentence Investigation Report (ECF No. 345); the Government's Clarifications to the Presentence Investigation Report (ECF No. 324); Defendant's Response to the Government's Clarification to the Presentence Investigation Report (ECF No. 349); and Defendant's Objections and Clarifications to the Addendum to the Presentence Investigation Report (ECF No. 380).

Having considered the objections, the record, related briefing, and applicable law, the Court's findings are set forth below.

I.   **DEFENDANT'S OBJECTIONS TO THE PSR.**

A.   **Defendant's Objections to ¶¶ 49, 54, 70, 76-80, 86, 92, 95 (Loss Amount)**

Defendant objects to Paragraphs 49, 54, 70, 76-80, 86, 92, 95 of the Presentence Investigation Report ("PSR"), which provide the total loss calculations as applied to Defendant.[1]

"Loss is the greater of actual loss or intended loss." U.S.S.G. § 2B1.1(b)(1) cmt. A. "'Actual loss' means the reasonably foreseeable pecuniary harm that resulted from the offense." U.S.S.G. § 2B1.1(b)(1) cmt. C(i). "'Intended loss' . . . means the pecuniary harm that the defendant

---

[1] Def.'s Obj. PSR 5–13, ECF No. 336.

purposely sought to inflict[.]" U.S.S.G. § 2B1.1(b)(1) cmt. C(iii). When calculating loss in the case of jointly undertaken criminal activity, a defendant is responsible for the loss caused by the acts and omissions of others that were "(i) within the scope of the jointly undertaken criminal activity, (ii) in furtherance of that criminal activity, and (iii) reasonably foreseeable in connection with that criminal activity; that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense[.]" U.S.S.G. § 1B1.3(a)(1)(B). The Court "need only make a reasonable estimate of the loss." U.S.S.G. § 2B1.1 cmt. 3(B).

Defendant principally objects to the loss calculation on the grounds that the Government's methodology for identifying fraudulent loan applications was flawed and that the fraud of Defendant's coconspirator, Eric Karnezis, is not attributable to Defendant.[2] Defendant also seeks to call Eric Karnezis as a witness at sentencing to show that Karnezis's criminal conduct "should not be considered relevant conduct at Mr. Reis's sentencing, because that conduct was not part of reasonably foreseeable, jointly undertaken criminal activity as required by U.S.S.G. § 1B1.3."[3]

In support of his objections, Defendant presents testimonial and other evidence regarding his involvement with Eric Karnezis.[4] Such evidence includes Karnezis's statements made in a government interview, at Defendant Stephanie Hockridge's trial, in text messages with Defendant Reis, and from Karnezis's own memoir.[5] The Court finds that Defendant has not explained how further testimony by Karnezis at sentencing would be different from the evidence Defendant has presented. As such it appears cumulative and repetitive.[6]

Accordingly, the Court has reviewed all of the evidence presented, the parties' briefing, and the applicable law, and finds that the PSR's loss calculation only holds Defendant accountable

---

[2] *Id.*
[3] Def.'s Mot. Extended Sentencing Hr'g ¶ 4, ECF No. 372.
[4] *See id.* at Ex. 1, 2.
[5] *Id.* at Ex. 1, at 5–9.
[6] Accordingly, the Court denies Defendant's request to call Eric Karnezis to testify at sentencing.

2

as to the losses that fall within the definition of § 1B1.3(a)(1)(B) and § 2B1.1 cmt. 3(C)(i) and is based on reliable information. Accordingly, the Court **OVERRULES** Defendant's objections to ¶¶ 49, 54, 70, 76–80, 86, 92, 95 of the PSR.

  **B.**  **Defendant's Objections to ¶ 89 (Abuse of Trust Enhancement)**

Defendant objects to ¶ 89 of the PSR, which imposes a two-level "abuse of trust" enhancement.[7] "Section 3B1.3 of the Sentencing Guidelines provides for a two-level increase to the defendant's offense level '[i]f the defendant abused a position of public or private trust, or used a special skill, in a manner that significantly facilitated the commission or concealment of the offense[.]'" *Miller*, 906 F.3d at 377 (quoting U.S.S.G. § 3B1.3). Applying a two-step inquiry, the sentencing court must determine "(1) whether the defendant occupies a position of trust, and (2) whether the defendant abused his position in a manner that significantly facilitated the commission or concealment of the offense." § 3B1.3. A "position of trust" is characterized by (1) professional or managerial discretion and (2) minimal supervision. *See* U.S.S.G. § 3B1.3 cmt. n.1; *see also United States v. Brown*, 7 F.3d 1155, 1161 (5th Cir.1993).

After considering the evidence presented, the parties' briefing, and the applicable law, the Court **SUSTAINS** Defendant's objection to ¶ 89 of the PSR.

  **C.**  **Defendant's Objections to ¶ 87 (Sophisticated Means Enhancement)**

Defendant objects to ¶ 87 of the PSR, which imposes a two-level enhancement under U.S.S.G. § 2B1.1(b)(10) for using "sophisticated means."[8] Under the Sentencing Guidelines, if the offense "otherwise involved sophisticated means and the defendant intentionally engaged in or caused the conduct constituting sophisticated means, increase by 2 levels." U.S.S.G. § 2B1.1(b)(10)(C). The term "sophisticated means" is defined as "complex or especially intricate offense conduct pertaining to the execution or concealment of an offense. . . ." U.S.S.G. §

---

[7] Def.'s Obj. PSR 14–15, ECF No. 336.
[8] *Id*. at 15–16.

3

2B1.1(b)(10) cmt. 9(b). The Fifth Circuit has "affirmed the application of the sophisticated means enhancement in cases involving some method that made it more difficult for the offense to be detected, even if that method was not by itself particularly sophisticated." *United States v. Miller*, 906 F.3d 373, 380 (5th Cir. 2018).

After considering the evidence presented, the parties' briefing, and the applicable law, the Court **OVERRULES** Defendant's objection to ¶ 76 of the PSR because the reliable information supports the enhancement.

### D. Defendant's Objections to ¶ 90 (Aggravating Role Enhancement)

Defendant objects to ¶ 90 of the PSR, which imposes a four-level "aggravating role" enhancement.[9] "Under U.S.S.G. § 3B1.1(a), the defendant's base offense level increases by four points if a preponderance of the evidence shows that 'the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive.'" *United States v. Martinez*, 131 F.4th 294, 322 (5th Cir. 2025) (quoting U.S.S.G. § 3B1.1(a)). "A 'participant' is a person who is criminally responsible for the commission of the offense, but need not have been convicted." U.S.S.G. § 3B1.1 cmt. 1. "In evaluating whether criminal activity was 'otherwise extensive,' the court looks at all persons involved during the course of the entire offense." *Martinez*, 131 F.4th at 322 (quotation marks omitted). "This includes taking into account unknowing participants who contributed to the success of the criminal enterprise." *Id*. "A district court can impose the enhancement under either theory: (1) five or more participants or (2) otherwise extensive." *Id*.

After considering the evidence presented, the parties' briefing, and the applicable law, the Court **OVERRULES** Defendant's objection to ¶ 90 of the PSR because the reliable information supports the enhancement.

---

[9] *Id*. at 17.

### E. Defendant's Objections to ¶¶ 83, 94 (PSR's Failure to Apply a Three-Point Decrease for Acceptance of Responsibility)

Defendant objects to the PSR's failure to apply an additional one point decrease under U.S.S.G. 3E1.1(b), arguing that Defendant is entitled to a third point for acceptance of responsibility.[10] Under U.S.S.G. § 3B1.2, the offense level decreases if defendant was "a minimal participant in any criminal activity," "a minor participant in any criminal activity," or somewhere in between. U.S.S.G. § 3B1.2(a)-(b).

After considering the evidence presented, the parties' briefing, and the applicable law, the Court **OVERRULES** Defendant's objection.

### F. Defendant's Objection No. 10 (to ¶ 23)

Defendant objects to paragraph 23 of the PSR arguing that it contains a factual inaccuracy as to the loan described by Mr. Flores.[11] After considering the evidence presented, the parties' briefing, and the applicable law, the Court **SUSTAINS** Defendant's objection.

### G. Defendant's Objection No. 13 (to ¶ 28)

Defendant objects to paragraph 28 of the PSR on several grounds.[12] To the extent Defendant objects to Flores being included as an employee of Juuice LLC, when defendant filed the application in question, the Court **SUSTAINS** Defendant's objection. After considering the evidence presented, the parties' briefing, and the applicable law, the Court **OVERRULES** Defendant's other objections to paragraph 28.

### H. Defendant's Objection No. 16 (to ¶ 31)

Defendant objects to paragraph 31 of the PSR arguing that the text exchange regarding Hockridge being a "beast" occurred on June 19, 2020, not June 20, 2020, as listed. Defendant also objects to the suggestion he was "bragging" about obtaining $80,000, claiming it was a mere

---

[10] Def.'s Obj. PSR , Doc. 336.
[11] *Id*. at 28.
[12] *Id*. at 31.

statement.[13] To the extent Defendant objects to the date of the text, the Court **SUSTAINS** Defendant's objection. After considering the evidence presented, the parties' briefing, and the applicable law, the Court **OVERRULES** Defendant's other objections to paragraph 31.

### I. Defendant's Objection No. 61 (to ¶ 115)

Defendant objects to paragraph 115 on page 26 of the PSR because it appears to contain a typographical error.[14] To the extent Defendant is correct and paragraph 115 of the PSR contains a typographical error, the Court **SUSTAINS** Defendant's objection as to paragraph 115.

### J. Defendant's Objection Nos. 1–9, 11–12, 14–60, and 62 (to ¶¶ 10, 11, 13, 16–22, 25, 27, 29–30, 32–34, 36–38, 40–75, 82, 84–85, 88, 91, 93, 122)

Defendant raises numerous additional objections to the PSR, many of which have no impact on Defendant's total offense level under the Guidelines. After considering the evidence presented, the parties' briefing, and the applicable law the Court **OVERRULES** Defendant's objections Nos. 1–9, 11–60, and 62 because the reliable information supports the PSR paragraphs as written.

## II. DEFENDANT'S RESPONSE TO GOVERNMENT'S PSR CLARIFICATIONS

### A. Defendant's Response to Clarification No. 1 (to ¶ 23)

After considering the evidence presented, the parties' briefing, and the applicable law, the Court **OVERRULES** Defendant's objection.

### B. Defendant's Response to Clarification No. 2 (to ¶ 66)

After considering the evidence presented, the parties' briefing, and the applicable law, the Court **OVERRULES** Defendant's objection.

**SO ORDERED** this **16th day** of **December, 2025**.

_____
Reed O'Connor
**CHIEF UNITED STATES DISTRICT JUDGE**

---

[13] *Id.* at 31.
[14] *Id.* at 79