IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Criminal Action No.  4:24-CR-00287-O |
| | § | |
| NATHAN REIS            (01) | § | |
| STEPHANIE HOCKRIDGE   (02) | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are Defendants' Requests (the "Requests") for Transfer to the District of Puerto Rico (ECF Nos. 403, 404), the government's Response, and Defendant Reis' Reply (ECF No. 426-1).[1] Having reviewed the Requests, briefing, and applicable law, Defendants' Requests are hereby **DENIED**.

### I.   BACKGROUND

This Court sentenced Defendants and ordered them to pay, jointly and severally, over $60 million in restitution. *See* ECF Nos. 362, 390. To enforce the Court's restitution order, the government sought, obtained, and served writs of garnishment under the Federal Debt Collection Procedures Act, 28 U.S.C. §§ 3001–3308. Defendants received notice of the writs and have each timely requested that this proceeding be transferred to the District of Puerto Rico under 28 U.S.C. § 3004(b)(2), asserting that they reside in that district. *See* ECF Nos. 403, 404.

### II.   ANALYSIS

The Mandatory Victims Restitution Act ("MVRA") provides the government authority to enforce victim restitution orders in the same manner that it recovers fines and by all other available

---

[1] Defendant Reis' Unopposed Motion for Leave to Reply (ECF No. 426) is **GRANTED**.

1

means. That includes the authority to collect restitution on behalf of private victims and in accordance with the practices and procedures for the enforcement of a civil judgment. The federal law that provides the practices and procedures for the enforcement of a civil judgment is the Federal Debt Collection Procedures Act ("FDCPA"); *U.S. v. Phillips*, 303 F.3d 548, 550–51 (5th Cir. 2002). The MVRA was drafted to strengthen the ability of the government to collect criminal restitution, and Congress directed the attorney general to aggressively enforce restitution orders. *Id.* at 551.

The FDCPA allows the government to apply for a writ of garnishment against a debtor's property or non-exempt disposable earnings. 28 U.S.C. § 3205(a). A garnishee, such as an employer or bank, must file an answer to the writ of garnishment about any such property that it holds, and it must serve a copy of the answer on the debtor. *Id.* § 3205(c)(4). The clerk of court must issue to the debtor a notice that explains potential exemptions, as well as the process for claiming an exemption or requesting a transfer of venue to the district where the debtor resides. *Id.* § 3202(b).

Under Title 28 U.S.C. § 3004(b)(2), "[i]f the debtor so requests, within 20 days after receiving the [required] notice . . . the action or proceeding in which the writ, order, or judgment was issued *shall* be transferred to the district court for the district in which the debtor resides." (emphasis added). Defendants argue that the language of the "FDCPA is clear and unambiguous" and mandates that upon a valid transfer request, the court "shall" effect transfer.[2] The government argues that the "word 'shall' in § 3004(b)(2) should not alone control the outcome considering the 'plenary authority' given to the Court to modify or deny any of the FDCPA's procedures to suit the needs of each case."[3]

---

[2] Def. Reis' Reply 5, ECF No 426-1.
[3] Resp. 6, ECF No. 421.

As an initial matter, the Supreme Court has held that "'shall' is sometimes the equivalent of 'may' when used in a statute prospectively affecting Government action." *Peoples Sec. Co. v. Sec. & Exch. Co.*, 289 F.2d 268, 274 (5th Cir. 1961) (quoting *Richbourg Motor Co. v. United States*, 281 U.S. 528, 534 (1930)). "The word 'shall' must be read within the context of the statute, to further, not frustrate, the generally expressed legislative policy." *Peoples Sec. Co.*, 289 F.2d at 274; *see also Heckler v. Chaney*, 470 U.S. 821, 714 (1985) (finding "shall" to be permissive where the FDCA's enforcement provisions committed complete discretion to the Secretary to decide how and when they should be exercised). Accordingly, the Court looks to the context of the statue to determine how to interpret "shall" as it appears in § 3004(b)(2).

As other courts have noted, §§ 3001–3308 do indeed have exclusivity language, but the very next subparagraph declares that if "another federal law supplies procedures for recovering on a claim or a judgment for a debt arising under such law, those procedures shall apply." § 3001(b); *United States v. Vitek*, 151 F.3d 580, 585 (7th Cir. 1998). And § 3003(b)(2) adds that "this chapter shall not be construed to curtail or limit the right of the United States . . . to collect any fine, penalty, assessment, restitution, or forfeiture arising in a criminal case."

Other district courts have held that the FDCPA's transfer provision is not mandatory. For example, *U.S. v. Mathews*, 793 F. Supp. 2d 72 (D.D.C. 2011) held that the provision "merely operates to shift the burden from the party requesting transfer—on whom the burden ordinarily rests in civil and criminal matters—to the party opposing transfer where . . . the requirements of § 3004(d)(2) are met." *Mathews*, 793 F. Supp. 2d at 75 (quoting *U.S. v. Gipson*, 714 F. Supp. 2d 571, 576 (E.D. Va. 2010)). The *Mathews* court found the court's discretion in a grant of plenary authority in § 3013 of the FDCPA. That statute allows the court to, on its own initiative or the motion of any interested person, make an order "denying, limiting, conditioning, regulating,

extending, or modifying the use of any enforcement procedure under this chapter." Other district courts that have taken this approach include *U.S. v. Sethi*, Civil Action No. 08-cv-418, 2014 WL 4651649, at *2 (D. Colo. Sep. 18, 2014) (stating that the "great bulk of authority" is consistent with *Mathews*).[4]

Transfer of this action to the District of Puerto Rico could curtail or limit the government's ability to enforce and collect restitution from Defendants.[5] Given the FDCPA's requirement that it shall not be construed to curtail or limit the right of government to collect restitution, the Court

---

[4] *Accord EEOC v. 5042 Holdings Ltd.*, ADD civil action No. XX-cv-XXX, 2013 WL 1636577, at *6 (N.D.W. Va. Apr. 16, 2013) (holding that transfer "is not mandatory" and finding good cause to deny the motion because the defendant had "utterly failed to comply with the payment schedule mandated by the consent decree" and was attempting to delay and frustrate the government's collection efforts); *Federal Trade Comm. v. Affiliate Strategies, Inc.*, ADD case no, 2012 WL 2449869, at *1–2 (D. Kan. June 26, 2012) (noting that "[m]ost courts have concluded that [§ 3004(b)(2)] is not mandatory" and finding that the FTC had established good cause to deny transfer to the District of Oregon because transfer would be "overly burdensome for Plaintiffs," an appeal on the merits of the judgment was pending in the Tenth Circuit Court of Appeals, the defendant resided outside the District of Kansas for the entirety of the underlying proceedings but was able to attend court hearings, and the defendant did not contest that the debt is owed); *United States v. LaFaive*, 2011 WL 1296200, at *4 (N.D. Ind. Mar. 31, 2011) (finding that § 3004(b)(2) is not mandatory and allowing the government an opportunity to demonstrate good cause in opposition to the motion to transfer); *United States v. Nettles*, 2011 WL 1059111, at *2 (S.D. Ala. Mar. 23, 2011) (holding that § 3004(b)(2) is not mandatory in view of 28 U.S.C. § 3013 and its grant to district courts of the "plenary authority to make an order denying, limiting, conditioning, regulating, extending, or modifying the use of any enforcement procedure under the FDCPA," but granting the motion to transfer because the United States had failed to show that transfer would "curtail or limit the United States' efforts to collect the restitution judgment"); *United States v. Gipson*, 714 F. Supp. 2d 571, 576 (E.D. Va. 2010) (holding that "[i]n sum, a debtor is ordinarily entitled to transfer of a FDCPA collection proceeding to the debtor's district of residence upon a timely motion under § 3004(b)(2)," but "a district court may, for good cause, deny the motion to transfer, and transfer typically should be denied where the fact-specific circumstances of the collection proceeding show that granting the request would frustrate the government's efforts to collect," and granting the motion to transfer); and *United States v. Woods*, 2010 WL 2510083 (E.D.N.C. Apr. 9, 2010) (holding that § 3004(b)(4) "is in the nature of a venue provision and is not jurisdictional," that it is not mandatory, and that judicial economy supported denial of the motion to transfer).

[5] In this context, the Court interprets "United States" as contained in § 3003(b)(2) of the FDCPA to mean the *prosecutorial* division of the government, which in this case is the Northern District of Texas. *See United States v. Trevino*, 556 F.2d 1265, 1271 (5th Cir. 1977) (interpreting "United States" to mean the *prosecutorial* division of the government) (emphasis in original).

finds that, in context, § 3004(b)(2) should not be interpreted as mandatory. Rather, the Court agrees with the *Mathews* court and finds that the provision "merely operates to shift the burden from the party requesting transfer—on whom the burden ordinarily rests in civil and criminal matters—to the party opposing transfer where . . . the requirements of § 3004(d)(2) are met." *Mathews*, 793 F. Supp. 2d at 75. Thus, the government must show good cause as to why the requested transfer should not be granted.

Here, such good cause exists. *See Gipson*, 714 F. Supp. 2d at 576 ("[T]ransfer typically should be denied where the fact-specific circumstances of the collection proceeding show that granting the request would frustrate the government's efforts to collect on an MVRA restitution judgment."). The government represents that Defendant Reis has defaulted on his Court-ordered restitution obligations and has not informed the government of any action taken to list the two properties the Court ordered him to sell.[6] Furthermore, allowing transfer of any part of the enforcement proceedings would be inconsistent with the government's and the Court's obligation to insure that Defendants comply with their Court-ordered obligations. The sentencing court would be hampered in its evaluation of a defendant's alleged default if a court in another district had held the proceedings relating to that default. It would lack firsthand information about Defendants' financial situation, their efforts or lack of efforts in complying and the value of the assets at stake that it needs to make an informed decision. At the same time, the judge in the other district who is required to hear the collection action would lack the detailed knowledge the sentencing judge has of Defendants' underlying criminal activities and their efforts to evade discovery of their assets.

"Moreover, there is no telling how long it might take a court in another district to set the matter for hearing. In the meantime, the defendant could continue to flout the obligations of his

---

[6] Resp. 7, ECF No. 421.

sentence and the government would be handicapped in its efforts to enforce the fine and forfeiture. Allowing a defendant to transfer hearings and draw out the time in which he must comply with his sentencing obligations is inconsistent with the congressional scheme to equip sentencing courts with a variety of measures for enforcing prompt payment of criminal penalties." *United States v. Tedder*, No. 02-CR-0105-C-01, 2004 WL 415270, at *3 (W.D. Wis. Feb. 26, 2004). In light of these considerations, the Court finds that granting the Requests would limit the rights of the United States to prosecute and collect the restitution due under the MVRA. 18 U.S.C. § 3613(a) (stating that the United States may enforce a restitution order using the "practices and procedures for the enforcement of a civil judgment"); *see also* § 3664(m)(1)(A)(ii).

### III.  CONCLUSION

Accordingly, Defendants' Requests for Transfer of the writ proceedings to the District of Puerto Rico (ECF Nos. 403, 404) are hereby **DENIED**. A ruling on Defendants' requests for a hearing on the writs in this Court is reserved pending amendment of the Requests. Defendants may amend their requests for a hearing **no later than February 17, 2026**.

**SO ORDERED** on this **10th day** of **February 2026**.

_____
Reed O'Connor
**CHIEF UNITED STATES DISTRICT JUDGE**